**In re DIACONX CORPORATION**
**Debtor-in-Possession.**

**DIACONX CORPORATION and**
**William R. Lidle,**

v.

**HAMILTON BANK, et al.**

**Bankruptcy No. 86–00167G.**
**Misc. No. 86–0325.**

United States District Court,
E.D. Pennsylvania.

Sept. 5, 1986.

Janet M. Sonnenfeld, Philadelphia, Pa., for plaintiff.

Morris R. Brooke, Philadelphia, Pa., for defendant.

**MEMORANDUM OPINION**
**AND ORDER**

WEINER, District Judge.

This action was brought by Diaconx Corporation, a debtor in Chapter 11 bankrupt-

cy proceedings, and William Lidle, Diaconx's president, majority shareholder, and guarantor of certain loans obtained from the defendant bank. Lidle's claims against defendants are contained in Count VI of the complaint. Presently before the court is the motion of the defendants to dismiss Count VI on the grounds that this court lacks subject matter jurisdiction over Lidle's claims. For the reasons which follow, the motion is granted.

Section 1334(b) of Title 28 (formerly 28 U.S.C. 1471(b) (1982)) confers jurisdiction on the federal district courts over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (West Supp.1985). While it is clear that Lidle's claims against the defendants derive from a common nucleus of operative facts as do debtor's claims against defendants, and are so related that it would be expected that they be tried in one judicial proceeding, thus meeting the test for pendent jurisdiction set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Third Circuit has refused to apply the *Gibbs* test to state law claims "related to cases under title 11." In *In re Bobroff*, 766 F.2d 797 (3d Cir.1985), the court explicitly rejected the contention that federal court jurisdiction over state law claims related to title 11 cases "is intended to mirror the principle of pendent jurisdiction," *Id.* at 802, even when the exercise of such jurisdiction would avoid fragmentation of litigation and duplication of effort, and further judicial economy. *Id.* "[T]he mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334(b)]. Judicial economy itself does not justify federal jurisdiction." *Id.* quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984).

Instead, the test we must apply is "whether the outcome of [the civil] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins, supra.*

This will be the case only if the outcome "could alter the debtor's rights, liabilities, options, or freedom of action ... and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

 In the case *sub judice*, the result of Lidle's individual claims will in no way affect the bankrupt estate of the debtor. If Lidle's claims are successful the award would inure to him personally and would not become part of the bankrupt estate. If Lidle's claims are unsuccessful, the bankrupt estate also remains unaffected. Thus, while an award to the debtor, Diaconx, on its state law claims may increase the assets of the bankrupt estate, Lidle's action is for his own personal benefit, and thus does not meet the test set forth in *Pacor* and in *Bobroff.* We, therefore, lack subject matter jurisdiction over Count VI of the complaint.