809 F.2d 1187
 16 Collier Bankr.Cas.2d 509, Bankr. L. Rep. P 71,662
In re Weaver ADAMS, Debtor.
Weaver ADAMS, by and through his Guardian Ad Litem, Charles
BUTCHER, Appellant,
v.
SIDNEY SCHAFER & ASSOCIATES, INC., Appellee.
 No. 86-2169.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 17, 1987.
 
 Stephen Kirklin, D. Brent Wells, Houston, Tex., for appellant.
 Able, Barrow & Able, Gregory L. Henning, Levert J. Able, Houston, Tex., for appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before GARZA, DAVIS, and JONES, Circuit Judges.
 EDITH H. JONES, Circuit Judge:
 
 
 1
 Two issues are presented in this appeal: the extent to which we have appellate jurisdiction over an order remanding a bankruptcy adversary proceeding to state court; and whether the district court appropriately dismissed the appeal of a bankruptcy court order "reinstating" the case.
 
 
 2
 This dispute started out as state-court litigation over ten years ago. After a tortuous procedural path, the state court was ousted of jurisdiction when the litigation was removed from state court to bankruptcy court on September 14, 1982. On the preceding day, which was the eve of the intended deposition of the defendant by the appellees, the defendant had sought protection under Chapter 13 of the Bankruptcy Code in Louisiana. The day after the removal, appellees, apparently misconstruing the scope of their remedies in bankruptcy, sought voluntary dismissal in the state court, which was granted. Later, they recanted this action by requesting the bankruptcy court to "reinstate" the lawsuit, and the bankruptcy court obliged with an order dated October 14, 1982, reinstating the case "if the case was properly dismissed." Appeal of the order of reinstatement to the district court consumed the next three years. The district court ultimately entered an order dismissing the appeal and remanding the litigation, which had all along been based on state-law claims[1], to the state court where it had been essentially ready for trial.
 
 
 3
 Appellees contend that we have no jurisdiction over this appeal because the district court apparently abstained pursuant to 28 U.S.C. Sec. 1334(c)(1) and remanded the litigation to state court following 28 U.S.C. Sec. 1452(b). These provisions both state that a decision to abstain or remand is not reviewable "by appeal or otherwise." 28 U.S.C. Secs. 1334(c)(2), 1452(b) (Supp. II 1984). We agree, for reasons stated below, that the decision to remand or abstain as such is not reviewable in this court. The decision of the district court also, however, dismissed the appeal of the bankruptcy court's order "reinstating" the case. On reflection, the district court would have had nothing to remand if it had overturned the bankruptcy court's reinstatement order and enforced the attempted voluntary nonsuit: there would have been no pending adversary proceeding in that event. Thus unless this court reviews the dismissal of the appeal by the district court, that action is functionally non-reviewable. The Supreme Court, faced with a similar situation, distinguished between an order of dismissal and the consequent order of remand, holding that:
 
 
 4
 in logic and in fact the decree of dismissal preceded that of remand and was made by the district court while it had control of the cause. Indisputably this order is the subject of an appeal; and, if not reversed or set aside, is conclusive upon the petitioner.
 
 
 5
 City of Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140, 143, 55 S.Ct. 6, 7, 79 L.Ed. 244 (1934). See also Armstrong v. Alabama Power Co., 667 F.2d 1385, 1387 (11th Cir.1982); Southeast Mortgage Co. v. Mullins, 514 F.2d 747, 749 (5th Cir.1975). The district court's order, to the extent it dismissed the appeal from the bankruptcy court, is consequently reviewable.
 
 
 6
 Ordinarily, we would remand for the district court either to determine the merits of the appeal of the order of "reinstatement" or to supply its reasoning why it dismissed that appeal. In this case, due to the long pendency in several courts and the uncontroverted facts, it is in the interest of justice for us to rule on the reinstatement order. Nissho-Iwai Co. v. Occidental Crude Sales, 729 F.2d 1530, 1549 (5th Cir.1984). As the bankruptcy court's order forecast, we hold that reinstatement was superfluous to the continued existence of the litigation which had been removed from state court. Removal transpired, as the parties acknowledge, on September 14, 1982. One day later, the state district court entered an order of voluntary nonsuit. The state court was without jurisdiction to do so, the case having already been removed and jurisdiction transferred to the bankruptcy court. Murray v. Ford Motor Co., 770 F.2d 461, 463 (5th Cir.1985) (per curiam); E.D. Systems Corp. v. Southwestern Bell Tel., 674 F.2d 453, 457-58 (5th Cir.1982). No order of reinstatement was necessary, and we might add that counsel for the debtor have expended disproportionate resources and time in litigating this virtually self-evident point.
 
 
 7
 The debtor fares no better in its attempt to obtain review of the district court's remission of this case to state court. We simply have no jurisdiction to review this action. 28 U.S.C. Sec. 1452(b). See also In re Rayburn Enterprises, 781 F.2d 501 (5th Cir.1986) (dismissing appeal from district court's order of remand, based on section 1452(b)); Browning v. Navarro, 743 F.2d 1069, 1076 (5th Cir.1984) (holding that decision to remand is nonreviewable under 28 U.S.C. Sec. 1478(b) (superseded 1984), the predecessor of Sec. 1452(b)).[2]
 
 
 8
 Appellant makes two plausible arguments to avoid the non-appealability of the district court's action in this case. First, appellant asserts that the district court erroneously relied upon 28 U.S.C. Sec. 1334(c)(2) as authority for its abstention, because that provision (mandatory abstention in certain cases) did not apply to appellant's Chapter 13 case commenced prior to the effective date of that statutory provision. See Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, Sec. 122(b), 1984 U.S.Code Cong. and Ad.News (98 Stat.) 333, 346. This argument too narrowly construes the district court's thoughtful opinion, which acknowledged that Sec. 1334(c)(2) is not directly applicable but proceeded to use its standards as a gauge for congressional intent concerning abstention. The court in any event had authority to abstain pursuant to Sec. 1334(c)(1), hence its reasoning is not for us to review or reconsider.
 
 
 9
 Appellant also challenges removal on the ground that the district court was not the court "to which such claim or cause of action is removed" and hence had no authority to remand pursuant to Sec. 1452(b). This argument may have had validity prior to the 1984 amendments to the jurisdictional provisions governing the bankruptcy courts, but as the district court signed its order in November, 1985, well after those amendments, the argument fails. As of July 10, 1984, the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, the district court has original and exclusive jurisdiction of all cases under Title 11 and original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. Sec. 1334(a), (b). This jurisdiction is not automatically shifted by Congress to the bankruptcy courts, as it was pursuant to the 1978 Code. See 28 U.S.C. Sec. 1471(c) (superseded in 1984). Thus, the district court maintains all of the jurisdiction applicable to bankruptcy matters subject only to its reference of cases and proceedings to the bankruptcy courts pursuant to 28 U.S.C. Sec. 157(a). Carlton v. BAWW, Inc., 751 F.2d 781, 788 (5th Cir.1985). Considering the now comprehensive scope of district court jurisdiction over bankruptcy matters, it is erroneous to suggest that the bankruptcy court has a sufficiently separate identity from the district court to place authority to remand a case solely within the bankruptcy court's purview.
 
 
 10
 For the foregoing reasons, the judgment of the district court is REVERSED to the extent it dismissed the debtor's appeal from bankruptcy court and REFORMED so as to VACATE the bankruptcy court order of reinstatement. This appeal is DISMISSED insofar as it pertains to the order of remand.
 
 
 
 [1]
 Appellant strenuously argues that he pleaded counterclaims based on federal antitrust law. The district court aptly noted that these are unavailing to compel federal court jurisdiction, based on the well-pleaded complaint rule. Pan American Petroleum Corp. v. Superior Court of Delaware, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961); Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)
 
 
 [2]
 Appellant's contention that a direct appeal of a remand is cognizable under the doctrine of Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), is utterly fallacious. Thermtron permitted only mandamus relief under extraordinary narrow principles. See Browning v. Navarro, 743 F.2d at 1076, n. 21. Mandamus was not sought in this case