**CREDIT ALLIANCE CORPORATION, Appellant,**

v.

**PENN HOOK COAL CO., INC.,
Malcolm C. Williams, and
Gary L. Williams.**

Civ. A. No. 87–0019–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

July 21, 1987.

Kurt J. Pomrenke, Bristol, Va., Corneal L. Domeck, Louisville, Ky., for Credit Alliance Corp.

Joseph E. Wolfe, Norton, Va., for Malcolm C. Williams.

Cynthia D. Kinser, Pennington Gap, Va., for Gary L. Williams.

MEMORANDUM OPINION

TURK, Chief Judge.

The appellant, Credit Alliance Corporation, brings this appeal from bankruptcy

**58**

court challenging Judge H. Clyde Pearson's memorandum opinion and order of January 7, 1987, 68 B.R. 804, which ruled that a judgment rendered in favor of Credit Alliance by the United States District Court for the Southern District of New York was void and any action by Credit Alliance to collect on that judgment was stayed. That judgment was rendered against the appellees, Malcolm C. Williams and Gary L. Williams, who are not in bankruptcy, and against the appellee-debtor, Penn Hook Coal Company, Inc. For the reasons set forth below, this court is compelled to reverse the bankruptcy court insofar as it voided and stayed the judgment against Malcolm C. Williams and Gary L. Williams.

This controversy arose on April 15, 1981, when Credit Alliance obtained a default judgment for $62,866.70 against all three appellees in the United States District Court for the Southern District of New York. Credit Alliance's claim was based upon a guaranty contract executed by Malcolm Williams and Gary Williams (the Guarantors) on February 22, 1981. Under that contract, they agreed to unconditionally guarantee Penn Hook's obligation on a conditional sale contract note held by Credit Alliance on the purchase of a wheel loader. Penn Hook defaulted on the note, and Credit Alliance repossessed and sold the wheel loader. Its action in New York against Penn Hook and the Guarantors was for a deficiency judgment. Neither Penn Hook nor the Guarantors appeared to defend the suit; thus, the New York federal district court entered default judgment against them.

Before that judgment was entered, on March 4, 1981, Penn Hook filed a bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia.

In October 1984, Credit Alliance registered its New York judgments against Penn Hook, Gary Williams, and Malcolm Williams in the federal district court in the Western District of Virginia. In addition, it filed garnishments in an effort to enforce its judgments against the appellees. Before this court the appellees challenged Credit Alliance's right to collect on these judgments, and this court referred the matter to the bankruptcy court. Judge Pearson heard evidence and arguments on the matter and on January 7, 1987, ruled that the automatic stay of 11 U.S.C. § 362 applied to the non-debtor Guarantors as well as to the debtor, Penn Hook. Thus, the court ruled, the judgment against all three was void. Judge Pearson then entered a stay enjoining Credit Alliance from proceeding against the non-debtor Guarantors.

The standard of review in this case is *de novo*. The Guarantors are not themselves debtors in bankruptcy; thus, this matter is not a "core proceeding", and the bankruptcy court's only jurisdiction over them was pursuant to the "related to" jurisdiction of 28 U.S.C. § 157(c)(1). Under that statute, a bankruptcy court may submit proposed findings of fact and conclusions of law to the district court, and any final order as to the judgment must be entered by the district judge after reviewing the matter *de novo*. *Id.*

At the outset, the court notes that Credit Alliance agrees that its judgment as to Penn Hook, a bankrupt debtor, is void. Thus, it does not dispute Judge Pearson's findings as they relate to Penn Hook, and the court need not review that portion of the bankruptcy court's decision.

Next, the court turns to Judge Pearson's ruling as it concerns the Guarantors. Having reviewed the matter, the court finds that the bankruptcy court should have honored the decision of the federal district court in the Southern District of New York under principles of full faith and credit and *res judicata*. 28 U.S.C. § 1738; *Heiser v. Woodruff*, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946); *Teachers Insurance and Annuity Association of America v. Butler*, 803 F.2d 61 (2d Cir.1986). This action involves the same parties as the New York action. In addition, the issues are the same as those that were litigated or could have been litigated in the previous action. Thus, this court and the bankruptcy court are precluded from litigating those issues now. *Heiser*, 327 U.S. at 726, 66 S.Ct. at 853; *Teachers Insurance*, 801 F.2d

at 61. Only jurisdictional issues may be raised to collaterally attack a final judgment, and no such issues are raised by appellees.

Appellees challenge the New York judgment arguing that Credit Alliance's sale of the collateral was not commercially reasonable and consequently, its deficiency judgment is not valid. Those arguments should have been raised in the New York action. Instead, appellees chose to permit a default judgment to be entered against them and to lose their opportunity to present their defenses.

■ Judge Pearson reasoned, and appellees now argue, that the automatic stay of 11 U.S.C. § 362 extended to the Guarantors. Thus, any judgment rendered against them after Penn Hook's petition was filed is void. In support of this reasoning, they cite *A.H. Robbins Company, Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986).

The court is not persuaded by this argument. By its terms, section 362 applies only to debtors. The *Robbins* case did determine, however, that there are cases where a bankruptcy court may properly stay the proceedings against non-bankrupt co-defendants, but it held that such relief was available only in "unusual circumstances." *Id.; see also Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194 (6th Cir.1983). There are no such unusual circumstances in this case; thus, section 362 relief should not be extended to the Guarantors.

Accordingly, the court will enter an order reversing the decision of the bankruptcy court insofar as it orders that any claim against Malcolm C. Williams and Gary L. Williams upon the guaranty is void and stayed.