In re RED ASH COAL & COKE
CORP., Debtor.

FORESTON COAL INTERNATIONAL,
INC., Appellant,

v.

RED ASH COAL & COKE
CORP., Appellee.

Bankruptcy No. 7–86–00301–A.
Adv. No. 7–87–0019.
Civ. A. No. 87–0242–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Feb. 26, 1988.

John E. Kieffer, Bristol, Va., for appellant.

Robert T. Copeland, Abingdon, Va., for appellee.

MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is on appeal from the United States Bankruptcy Court for the Western

District of Virginia. For the reasons stated below, this court affirms Judge Pearson's decision that the filing of removal petitions removed the entire case from the Circuit Court of Tazewell County, divesting that court of jurisdiction. Accordingly, the Tazewell court's default judgment against Jordan was void and Judge Pearson's injunction against Foreston from attempting to collect that void judgment was correct. On the other hand, the court reverses Judge Pearson's decision to impose sanctions upon Foreston for violating the automatic stay. No evidence exists that Foreston acted willfully or in bad faith. The bankruptcy court's imposition of sanctions, including attorney's fees, was clearly erroneous.

### FACTS

This case presents a complicated, yet interesting, factual situation. The court will relate only those facts needed to put the case in context. Other facts will be included in the analysis as they become relevant.

On October 25, 1985, Foreston Coal International, Inc. ("Foreston" or "appellant"), advanced Red Ash Coal & Coke Corporation ("Red Ash" or "appellee") $130,000.00 against coal delivery on which Red Ash executed a promissory note. David B. Jordan, James Duncan, and several related corporations became guarantors of the note. When Red Ash defaulted, Foreston brought an action in the Circuit Court of Tazewell County, Virginia against Red Ash and the guarantors. After this suit was instituted, two of the guarantors, Red Ash Smokeless Coal Corporation and Raven Smokeless Coal Corporation, filed on February 10, 1987 for protection under Chapter 11 of the Bankruptcy Code. On February 25, 1987, these two corporations filed a notice of removal pursuant to 28 U.S.C. § 1452. The appellee, Red Ash, did not file its Chapter 11 petition until February 28, 1987.

Subsequent to these events, Foreston obtained a default judgment against Jordan, several of the other defendants, and Red Ash in the Circuit Court. The judgment against the bankruptcy debtor Red Ash

was in violation of the automatic stay of 11 U.S.C. § 362. Foreston insists that this action was inadvertent. The bankruptcy court, however, found that Foreston acted knowingly and willfully.

In response to these actions and Foreston's issuance of debtor interrogatories to Jordan, the bankruptcy court entered an order on July 2, 1987 that voided the state court default judgment. It further issued an injunction pursuant to 11 U.S.C.A. § 105 (Supp.1987) prohibiting proceedings in the state court against Jordan, and found Foreston to be in violation of the automatic stay for taking the default judgment against Red Ash. The court also entered sanctions against Foreston for the violation of the stay.

### Standard of Review

■ Except as to the issue of Foreston's violation of the automatic stay, the standard of review in this case is *de novo*. Because Jordan is a guarantor who is not himself in bankruptcy, this matter is not a "core proceeding." The bankruptcy court's only jurisdiction over Jordan is pursuant to the "related to" jurisdiction of 28 U.S.C.A. § 157(c)(1) (Supp.1987). Accordingly, the bankruptcy court could only submit proposed findings of fact and conclusions of law to this court, and this court must enter final judgment after a *de novo* review. *See Credit Alliance Corp. v. Penn Hook Coal Co., Inc.*, 77 B.R. 57, 58 (W.D.Va. 1987).

■ On the other hand, the bankruptcy court's prosecution of Foreston's violation of the automatic stay is governed by the "clearly erroneous" standard of review. "[A] proceeding to prosecute a violation of the automatic stay is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (2)." *Budget Service Company v. Better Homes of Virginia, Inc.*, 804 F.2d 289, 292 (4th Cir.1986). Of note, section 157 provides for *de novo* review only for proceedings that are *not* core proceedings. *See* 28 U.S.C.A. § 157(c)(1) (Supp.1987). Otherwise, Bankruptcy Rule 8013 which provides for the "clearly erroneous" standard of review, should be applicable. The

court is convinced that as a core proceeding, the bankruptcy court's findings of fact regarding Foreston's violation of the automatic stay are entitled to be upheld unless they are clearly erroneous. *See also In re Osborne*, 42 B.R. 988, 993 (W.D.Wisc.1984) (core proceedings are subject to the clearly erroneous standard of review).

*Did the Bankruptcy Court err in holding that the filing of removal petitions by Raven Smokeless Coal Corporation and Red Ash Smokeless Coal Corporation effected a removal of certain litigation pending in the Tazewell County Circuit Court so as to divest the Circuit Court of jurisdiction over David B. Jordan, a person not in bankruptcy?*

▉ To determine the validity of the default judgment against Jordan, this court must first determine the extent to which the removal petitions removed the case pending in the Tazewell Circuit Court. Any analysis of this issue must begin with the bankruptcy removal statute. This statute provides in relevant part:

(a) A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C.A. § 1452 (Supp.1987). Most courts have either assumed without discussion that a removal petition removes the entire case to the bankruptcy court or have achieved the same result by relying upon precedent under the federal district court removal statute to broadly interpret the phrase "claim or cause of action" and effect the removal of the entire case. *See* Gibson, *Removal of Claims Related to Bankruptcy Cases: What is a "Claim or Cause of Action?"*, 34 UCLA L.Rev. 1, 4–5 (1986). The appellee's argument falls under this latter approach.

The appellee argues that in order to interpret the phrase "claim or cause of action" in Section 1452, one should look for guidance to precedent under 28 U.S.C. § 1441(c), the federal district court removal statute. Under Section 1441(c), the entire case is removable if it consists of a "separate and independent claim or cause of action, which would be removable if sued upon alone," as well as "one or more otherwise non-removable claims or causes of action." 28 U.S.C.A. § 1441(c) (1973); Gibson, *supra*, at 25–26. If the state court case contains "separate and independent" claims under Section 1441(c), therefore, these would constitute multiple claims under the bankruptcy removal statute and the entire case could not be removed. If the plaintiff in the state court action seeks to recover from several defendants for a single wrong, however, then this does not constitute "separate and independent claims" and Section 1452, unlike Section 1441(c), would allow removal of the entire case. *See Gibson, supra*, at 25–27. Relying almost exclusively upon *In re Fuel Oil Supply and Terminaling, Inc.*, 30 B.R. 360 (Bankr.N.D.Tex.1983) which adopted this approach, the appellee contends that Foreston's suit against Red Ash as the maker of the note and against Jordan and the other companies as guarantors did not constitute "separate and independent claims." Accordingly, the appellee argues, the removal petitions removed the entire case.

The appellant, however, advances a somewhat different argument. Foreston notes that Section 1452 provides for selective removal of a "claim or cause of action" for which the bankruptcy court has jurisdiction under 28 U.S.C. § 1334. It then contends that the suit in state court against Jordan as guarantor does not fall within the "related to" jurisdictional grant of Section 1334. Accordingly, that claim was not removed and remained in the circuit court. In such a case, the default judgment against Jordan would be valid.

The appellant correctly observes that a case falls within the "related to" jurisdiction when the action involving the non-debtor has an effect on the administration of the bankruptcy estate. *United Coal Co. v. Hoyer*, 29 B.R. 1019, 1022 (W.D.Va.1983). Foreston further notes that Red Ash has listed Foreston's claim as undisputed and uncontingent in its bankruptcy schedules. Red Ash, however, argues that the claim

actually is disputed. Foreston also asserts that Jordan has not claimed that he has indemnification rights with Red Ash. From these facts, the appellant reaches the conclusion that the state action against Jordan could not affect the bankruptcy estate and thus falls outside of the "related to" jurisdiction. Several cases support this position. *See, e.g., In re Diaconx Corp.*, 65 B.R. 139 (E.D.Pa.1986); *In re United Department Stores, Inc.*, 39 B.R. 54 (Bankr. S.D.N.Y.1984). Foreston argues that the effect of the removal petitions, therefore, was to sever its claims against Jordan from the rest of the case, leaving the claims against Jordan in the state court. *Ford Motor Co. v. Transport Indemnity Co.*, 12 B.R. 143, 146 (E.D.Mich.1981).

Frankly, the court is not enthralled by either side's argument. By grafting the district court removal precedent onto the bankruptcy removal statute, the appellee's approach arguably expands the removal right beyond Congress' intent. Gibson, *supra*, at 37–39. (Gibson instead advances a "claim preclusion" approach to interpreting the scope of the removal statute. *Id.* at 39–65). On the other hand, the appellant's approach seems to focus on the problem of original jurisdiction instead of the extent of the removal right. Nevertheless, the court concludes that the removal petitions removed the entire proceeding, leaving nothing for the circuit court to consider.

■ First of all, Judge Pearson relied upon *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656 (4th Cir.1985), for the proposition that a removal petition "removes the entire case subject to later remand if appropriate." Memorandum Opinion of Bankruptcy Court at 4. This court agrees with the appellant that *Creasy* dealt with the question of applicable time limits for removal in a multi-party bankruptcy case and not the scope of the removal right. Nevertheless, the fact that the entire case was removed in *Creasy* does lend some support to the appellee's position. Furthermore, assuming that appellee's argument is correct and Section 1452 should be construed according to Section 1441(c) precedent, then it is clear that Foreston's claims against Red Ash as maker of the note and Jordan as guarantor would be a single

"claim or cause of action." Foreston seeks redress for a single wrong—the failure to recover on its loan. *See, e.g., Irving Trust Co. v. Century Export & Import*, 464 F.Supp. 1232 (S.D.N.Y.1979) (claims against principal obligor and guarantors not "separate and independent" within meaning of removal statute); *Chrysler Credit Corp. v. Ralph Williams Gulfgate Chrysler–Plymouth*, 329 F.Supp. 644 (S.D. Tex.1971) (claims against guarantors not "separate and independent"). Moreover, even assuming that the appellant's jurisdictional severance approach is correct, the court cannot agree that the action against the guarantor is not within the "related to" jurisdiction. The court acknowledges the cases cited by the appellant, yet still believes that an action against a guarantor is within the "related to" jurisdictional grant of 28 U.S.C. § 1334. *See, e.g., In re Dak Manufacturing Corp.*, 73 B.R. 917 (Bankr. D.N.J.1987); *In re Brothers Coal Co., Inc.*, 6 B.R. 567 (Bankr.W.D.Va.1980). This court particularly finds *Dak* to be persuasive.

The court in *Dak* considered the scope of the "related to" jurisdiction in the course of granting a party's petition to remove a case against the debtor's guarantor. It noted that an action is "related to" bankruptcy if the "outcome could alter the debtor's rights, liabilities, options or freedom of action (either *positively* or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* at 920 (emphasis added); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984). The similarity to the test enunciated by this court in *United Coal* is obvious. Even though, like the case at hand, no evidence existed in *Dak* of an explicit indemnification agreement, the court found that "an action by a creditor against a guarantor of a debtor's obligations will necessarily affect that creditor's status, vis-a-vis, other creditors, and that the administration of the estate therefore depends upon the outcome of that litigation." *Dak* at 921; *Pacor*, 743 F.2d at 995. According to this analysis, the claim against Jordan would be within the "related to" jurisdiction and would have been removed to the bankruptcy court.

Finally, in light of the extended analysis that this issue has compelled, the court would like to express its admiration of the approach enunciated in *In re Princess Louise Corp.*, 77 B.R. 766 (Bankr.C.D.Cal. 1987). In this recent decision, the court determined that the scope of removal is governed by the removal petition itself. "If the removal petition extends to the entire court action, the entire state court action is removed to the bankruptcy court." *Id.* at 771. The beauty of this approach is that it keeps the issues of bankruptcy jurisdiction in the bankruptcy courts instead of the state courts and it simplifies and shortens the process because all that is needed to determine the scope of removal is to consult the removal petition. Pending possible remand, the state court has no jurisdiction as to those matters covered by the removal petition. *Id.* at 771–72. The clarity and simplicity of this approach is self-evident. Although this court does not feel that it must adopt this reasoning at this time, it does note that the removal petitions in this case do purport to remove the entire state action.

In conclusion, the court is convinced that the removal petitions transferred the entire case to the bankruptcy court. Because nothing was left in the state court to consider, its default judgment against Jordan was void. The bankruptcy court did not err in this regard.

*Did the Bankruptcy Court err in enjoining Foreston from attempting to collect its Tazewell County judgment against David B. Jordan?*

In light of this court's decision *supra* that the state court's judgment against Jordan was void, the bankruptcy court did not err in enjoining Foreston from attempting to collect that judgment.

*Did the Bankruptcy Court err in holding Foreston in contempt when the entry of judgment against Red Ash Coal & Coke Corporation was unintentional and through inadvertence and mistake?*

In its opinion and order of July 2, 1987, the bankruptcy court found that Foreston willfully violated the automatic stay of 11 U.S.C. § 362 when it took a default judgment against the debtor Red Ash in the Tazewell Circuit Court. The court found that Foreston's actions were willful, knowing, and "taken with full knowledge, not only of the petition of the Debtor but [also of] the adversary proceedings removing the state court case...." *See* Joint Order of the bankruptcy court. Accordingly Judge Pearson assessed a fine and penalty against Foreston in the amount of $2,500.00, attorney's fees of $750.00, and costs. The Judge suspended the $2,500.00 fine upon Foreston's payment of the attorney's fees within ten days of the Order and its payment of the costs within ten days of the Clerk's assessment.

As noted *supra*, this court is governed on this issue by the "clearly erroneous" standard of review. The court must uphold the bankruptcy court's findings of fact as to the willfulness and intent of Foreston's actions unless these findings are clearly erroneous.

■ The bankruptcy court assessed sanctions because it adjudged Foreston to be in violation of the automatic stay for taking the default judgment against Red Ash in the Tazewell Circuit Court. This action is certainly within the power of the bankruptcy court. *Budget Service Co. v. Better Homes of Virginia*, 804 F.2d 289, 292 (4th Cir.1986). Although appellant characterizes the bankruptcy court's actions as imposing contempt, in fact it acted pursuant to 11 U.S.C.A. § 362(h) (Supp. 1987). "[B]ankruptcy judges may enforce the sanctions of § 362(h) without reference to a finding of civil contempt." *Budget Service*, 804 F.2d at 293. Nevertheless, to impose sanctions, the debtor must have been injured by a willful violation of the automatic stay. *Id.* Sanctions are inappropriate for a mere technical violation of the stay or when the violator has acted in good faith. Willfulness or maliciousness is usually required. *In re Cox*, 53 B.R. 829, 831 (Bankr.M.D.Fla.1985).

■ No doubt exists that Foreston technically violated the automatic stay by ob-

taining the default judgment against Red Ash. Contrary to the bankruptcy court's conclusions, however, this court is not convinced that Foreston's actions were willful. The evidence before the court demonstrates that Foreston employed local counsel who were unfamiliar with bankruptcy practice. Although they had received notice of Red Ash's bankruptcy petition, they did not have notice of its removal petition. In drafting the default order, however, all they had before them were the removal petitions. Accordingly, they incorrectly thought that they had omitted the names of all the companies in bankruptcy. Foreston's counsel were further confused by the similarity of the names of the related companies, witness: Red Ash Coal & Coke Corporation, Red Ash Smokeless Coal Corporation, Raven Red Ash Coal Corporation, Vansant Red Ash Coal Corporation, Raven Smokeless Coal Corporation, Red Ash Coal Sales Co., etc.

Upon consideration of the record, the court is convinced that no evidence exists that Foreston willfully violated the stay or failed to act in good faith. Foreston's technical violation of the stay was inadvertent. The bankruptcy court's imposition of sanctions, therefore was clearly erroneous and this court reverses that decision.

*Did the Bankruptcy Court err in assessing the $750 attorney's fees against Foreston without taking or considering evidence or giving the adverse party an opportunity to be heard on the reasonableness or necessity of the legal services rendered by counsel for the debtor, or the amount of said fees?*

For a willful violation of the automatic stay, the bankruptcy court shall assess actual damages, including costs and attorney's fees. 11 U.S.C.A. § 362(h) (Supp. 1987). However, in light of this court's finding that Foreston's actions were taken in good faith and were not willful, the bankruptcy court's imposition of attorney's fees was clearly erroneous. Accordingly,

the bankruptcy court's judgment is reversed on this issue.