**In re John J. SHANER, Eileen D. Shaner, Debtors.**

**Bankruptcy No. 2-86-00621.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 26, 1989.

Charles W. Ewing, Charles W. Ewing Co., L.P.A., Columbus, Ohio, for debtors.

Christopher D. Trail, Porter, Wright, Morris & Arthur, Columbus, Ohio, for Cambridge Production Credit Ass'n.

Charles M. Caldwell, Asst. U.S. Trustee, Office of the U.S. Trustee, Columbus, Ohio.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

R. GUY COLE, Jr., Bankruptcy Judge.

This matter is before the Court upon the Motion for Summary Judgment ("Motion") filed by Cambridge Production Credit Association ("CPCA") and the memorandum in opposition filed by the debtors, John and Eileen Shaner. CPCA seeks summary judgment on the objection lodged by debtors to the claim which it filed herein. Jurisdiction over this case is vested in the Court pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding which the Court is empowered to hear and determine in accordance with 28 U.S.C. § 157(b)(1) and (2)(B). This opinion and order shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule ("B.R.") 7052.

The facts pertaining to the Motion before the Court are undisputed. CPCA's claim against the debtors arises from a mortgage upon debtors' residential real property, which is situated in Perry County, Ohio (the "Property"), granted by debtors to CPCA to secure an obligation of debtors' son and daughter-in-law, Joel and Cynthia Shaner (the "Mortgage"). The obligation of Joel and Cynthia Shaner to CPCA was originally in excess of $280,000. CPCA obtained a judgment decree in the Fairfield County Court of Common Pleas which permitted it to foreclose upon approximately 180 acres of land owned by Joel and Cynthia Shaner which also secures their obligation to CPCA. CPCA obtained the Fairfield County foreclosure judgment pursuant to a cognovit provision in the note executed by and between CPCA and Joel and Cynthia Shaner. Joel and Cynthia Shaner challenged the Fairfield County foreclosure judgment by way of a motion for relief from judgment pursuant to Ohio Civil Rule 60(B), asserting, *inter alia:* (1) that CPCA's judgment was procured by fraud; (2) that the judgment amount was greater than the amount owed; (3) that the note was not actually due; (4) that the cognovit note was a contract of adhesion; (5) that the cognovit note violated Joel and Cynthia Shaner's constitutional rights; and (6) that CPCA was barred by the doctrines of waiver and estoppel from asserting its claim. The Fairfield County Common Pleas Court overruled Joel and Cynthia Shaner's Rule 60(B) motion. This ruling was subsequently affirmed by the Fairfield County Court of Appeals.

After obtaining a judgment against Joel and Cynthia Shaner in Fairfield County, CPCA instituted proceedings in the Perry County Common Pleas Court to foreclose the Mortgage. In the Perry County foreclosure action, Joel and Cynthia Shaner intervened as third party plaintiffs, asserting the following claims against CPCA: (1) a claim for damages arising from alleged reckless and wanton conduct of CPCA causing humiliation and damage to the reputation of Joel and Cynthia Shaner, including alleged violations of the Farm Credit Act, 12 U.S.C. § 2001, *et seq.;* (2) an assertion that CPCA breached an alleged subordination agreement with Farmers Home Administration ("FHA") pursuant to which CPCA purportedly agreed to subordinate its lien to FHA in consideration for payment by FHA of $114,000 on the debt owed to CPCA; and (3) a claim that CPCA fraudulently misrepresented its intentions under the subordination agreement and committed fraud by obtaining the original cognovit judgment in Fairfield County. CPCA moved for and obtained summary judgment in the Perry County Common Pleas Court. The Perry County Court of Common Pleas ruled that the claims asserted by the debtors in the Perry County Com-

mon Pleas Court action, as well as the third party claims asserted by Joel and Cynthia Shaner, were barred by the doctrine of *res judicata.* The court noted that all of such claims were litigated or could have been litigated in the Fairfield County foreclosure proceeding.

The Court of Appeals for Perry County affirmed the Perry County Common Pleas Court's decision, overruling three separate assignments of error asserted jointly by the debtors and Joel and Cynthia Shaner. The Perry County Court of Appeals specifically upheld the trial court's conclusion that the various claims and defenses asserted by debtors and Joel and Cynthia Shaner were barred by the doctrine of *res judicata.* The affirmance was also based on procedural grounds: the Court of Appeals noted that debtors failed to meet the allegations set forth in the affidavits accompanying CPCA's summary judgment motion by filing responsive affidavits, or otherwise, as required by Ohio Civil Rule 56(E). Hence, the Perry County Court of Appeals concluded that the Common Pleas Court had correctly granted summary judgment in favor of CPCA. The Ohio Supreme Court declined jurisdiction of debtors' appeal of the Perry County Court of Appeals' decision.

Debtors have lodged an objection to the claim filed by CPCA. As stated above, debtors' liability to CPCA arises from the Mortgage, which was granted as additional security for Joel and Cynthia Shaner's obligation to CPCA. Debtors submit that CPCA's claim should be disallowed because the underlying obligation of Joel and Cynthia Shaner to CPCA is invalid and unenforceable on the following grounds:

(1) the loan from CPCA was reamortized without the approval of John and Eileen Shaner;

(2) CPCA agreed to extend the terms of the loan in exchange for partial payment;

(3) CPCA breached its agreement with debtors by taking cognovit judgment while the primary obligors, Joel and Cynthia Shaner, allegedly were not in default; and

(4) CPCA's conduct willfully and recklessly disregarded the "obvious consequences" to the debtors and their son and daughter-in-law.

Debtors' Objection to Claim ("Objection") at 1–2. The Objection further states:

"As long as the validity of the obligation of the primary obligors [Joel and Cynthia Shaner] is in question, the validity of the obligation of the debtors-in-possession is in question also."

Objection at 2.

CPCA seeks summary judgment on debtors' Objection pursuant to B.R. 7052 and 9014, arguing that debtors' liability to CPCA has been fully and finally determined by the Perry County Court of Common Pleas' summary judgment and the Perry County Appeals Court's affirmance thereof. Alternatively, CPCA asserts that, even if debtors' liability to CPCA had not been definitively established by the state court, this Court lacks the subject matter jurisdiction to adjudicate a dispute between CPCA and Joel and Cynthia Shaner—two non-debtors. Debtors rejoin by arguing that the state court rulings are not entitled to *res judicata* effect herein. Debtors submit that the various claims and defenses asserted by debtors and Joel and Cynthia Shaner were not litigated in either the Fairfield or Perry County lawsuits. According to debtors, under Ohio law such claims and defenses could not have been litigated in a case where a cognovit judgment is obtained.

■■■ Having reviewed the pleadings filed by the parties and considered the oral arguments made at hearing, the Court concludes that CPCA is entitled to summary judgment. CPCA's proof of claim is founded upon a final state court judgment in Perry County. Where a proof of claim is based on a prior judgment, the prior judgment may be challenged in bankruptcy court on one of two grounds: (1) want of jurisdiction of the court rendering the judgment over the parties or the subject matter of the suit; and (2) procurement of the judgment by fraud. *Heiser v. Woodruff,* 327 U.S. 726, 736, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946); *Credit Alliance Corp. v.*

*Penn Hook Coal Co., Inc.,* 77 B.R. 57 (W.D.Va.1987); *Matter of Farrell,* 27 B.R. 241, 243 (Bankr.E.D.N.Y.1982); *In re Morton,* 43 B.R. 215, 218 (Bankr. E.D.N.Y. 1984). In recognizing these two narrow equitable grounds for challenging a prior state court judgment in bankruptcy court, the Supreme Court expressly held that the bankruptcy court is bound by the principle of *res judicata. Id.* 327 U.S. at 737, 66 S.Ct. at 858. Here, no assertion has been made that the state court lacked jurisdiction over the parties or the subject matter of the state court litigation. Nor has the contention been made that CPCA's judgment was procured by fraud. Accordingly, the principles of *res judicata* and full faith and credit (*see,* 28 U.S.C. § 1738) mandate that debtors not be permitted to challenge CPCA's state court judgment in this Court. The Perry County Appeals Court considered and rejected debtors' assertion that the state court proceedings, including the Fairfield County cognovit judgment, should not be accorded *res judicata* effect. To disregard debtors' prior unsuccessful challenges to CPCA's judgment and provide them with yet another opportunity to litigate this issue would nullify the salutory principle of *res judicata.* Hence, debtors' Objection must be OVERRULED.

Having determined that the principles of *res judicata* and full faith and credit require the overruling of debtors' Objection, the Court need not dwell at length on the jurisdictional argument asserted by CPCA. Suffice it to say, however, that this Court's jurisdiction to adjudicate a dispute between Joel and Cynthia Shaner and CPCA, two non-debtors, which, at best, tangentially involves property of the bankruptcy estate, is dubious. *Cf., Community Thrift & Loan v. Suchy (In re Suchy),* 786 F.2d 900, 902 (9th Cir.1986); *Diaconx Corp. v. Hamilton Bank (In re Diaconx Corp.),* 65 B.R. 139, 140 (Bankr.E.D.Pa.1986). At most, the dispute between CPCA and Joel and Cynthia Shaner would be classified as a "related" proceeding. *See,* 28 U.S.C. § 1334(b). Given the attenuated nexus between the CPCA–Joel/Cynthia Shaner dispute and the instant Chapter 11 proceeding, an adjudication of this related proceeding is not called

for. Indeed, if this dispute had come before it prior to the state court litigation, the Court would have abstained from hearing this matter pursuant to 28 U.S.C. § 1334(c)(1). Hence, even if the CPCA–Joel/Cynthia Shaner dispute had not been fully and finally determined in state court, adjudication of this matter in bankruptcy court certainly would not have been appropriate.

Based upon the foregoing, the Court finds that the Motion for Summary Judgment of CPCA is well-taken and hereby GRANTS the same. Debtors' Objection to the Claim of Cambridge Production Credit Association is OVERRULED.

IT IS SO ORDERED.