## CIRCUIT COURT OF FAIRFAX COUNTY

Thomas Swango

v.

Harry Horning et al.

June 29, 1990

Case No. (Chancery) 110068

By JUDGE JOHANNA L. FITZPATRICK

This case comes before the Court on plaintiff's Motion for Default Judgment against assorted defendants. Oral argument was heard on June 1, 1990. For the reasons stated below, plaintiff's Motion is denied.

Plaintiff Thomas Swango was a business partner of defendant Harry Horning in various business entities. After several years of losses, Mr. Swango began attempting to terminate these businesses, but Mr. Horning apparently resisted. According to the Amended Bill of Complaint, Mr. Swango now seeks certain equitable relief, including an accounting and an injunction.

Mr. Horning initially filed answers on behalf of certain defendants, but plaintiff's Motion to Strike these answers was granted on March 9, 1990, since Mr. Horning lacked the authority to represent the interests of these limited partnerships. These defendants were then granted sixty days to file proper answers. The sixty days elapsed without any answers, and the plaintiff has now moved for entry of default judgment against these parties ("the Default Judgment Defendants"). These defendants resist default judgment, claiming that this Court's jurisdiction was suspended upon the May 18, 1990, filing of their Notice of Removal. This Court must determine (1) whether it has any jurisdiction in light of this Removal and (2) if so,

whether default judgment should be entered as to these defendants.

28 U.S.C. § 1452 provides that any party to a civil state court proceeding may remove certain bankruptcy-related cases to the appropriate Federal District Court as long as the District Court has jurisdiction of that case under 28 U.S.C. § 1334. Section 1334(b) in turn provides that:

> (b) [T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings *arising under* Title 11, or *arising in* or *related to* cases under Title 11. (Emphasis added.)

The relevant bankruptcy connections in this case are as follows:

(1) On October 25, 1989, Harry Horning filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia. A Suggestion of Bankruptcy was duly filed in this Court on November 13, 1989;

(2) On May 8, 1990, Colleen M. Flaherty, John G. Now, Neal A. Now, and Betty R. Samuel filed an involuntary petition for relief under Chapter 7 against Financial Services of Manassas, Inc. (hereafter "Financial Services"). A Notice of Removal was filed in this Court on May 18, 1990. An Amended Application for Removal was subsequently filed in the Bankruptcy Court, with Notice thereof filed in this Court on May 22, 1990.

Mr. Horning had allegedly been the general partner in a number of limited partnerships in which Financial Services allegedly held a substantial interest. Mr. Horning and Financial Services are both named as defendants in the instant case.

Given these connections, the Court is satisfied that this case is a "civil proceeding . . . related to [a case under Title 11]," thus within the District Court's jurisdiction as established in 28 U.S.C. § 1334(b). This case is therefore properly removable pursuant to 28 U.S.C. sect. 1452(a). *See, e.g., In re Red Ash Coal & Coke Corp.*, 83 B.R. 399, 401-03 (W.D. Va. 1987); *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 657-59 (4th Cir. 1985).

*See also* 1 *Collier on Bankruptcy*, at para. 3.01[c][ii] and para. 3.01[5]. Once removed, the state court's jurisdiction is suspended as to the entire case by operation of Bankruptcy Rule 9027(d). *See In re Adams*, 809 F.2d 1187, 1189 (5th Cir. 1987) (holding that state court lacked jurisdiction to enter order of voluntary nonsuit once case was properly removed pursuant to 28 U.S.C. § 1452(a)).

Counsel for Mr. Swango argues that the Default Judgment Defendants are in fact improperly attempting to take advantage of the automatic stay provided in 11 U.S.C. sect. 362. As explained in *Collier*, however, *any* claim or cause of action is subject to removal under 28 U.S.C. sect. 1452, whether the proceeding of which such claim or cause of action is a part was pending when the title 11 case was commenced or was commenced thereafter. 1 *Collier*, para. 3.01[5][c]. In other words, "certain claims and causes of action may be removed even though the proceeding of which they form a part is not stayed by section 362." *Id.* at para. 3.01[5][e]. The Court is satisfied that this case is one which may be removed to the Bankruptcy Court via the District Court.

The plaintiff may in due course seek to have all or part of this case remanded to this Court pursuant to 28 U.S.C. § 1452(b) and Bankruptcy Rule 9027(e), but that is a matter for the Bankruptcy Court to resolve. No default judgments may be entered at this time because this Court's jurisdiction was effectively suspended on May 18, 1990, upon the filing of the Notice of Removal. *See* Bankruptcy Rule 9027(d).