**In re C.A.C. JEWELRY, INC., Debtor.**

**Carlo A. CIOFFI and Barbara Cioffi, Plaintiffs,**

**v.**

**OLD STONE BANK, Defendant.**

**Bankruptcy No. 88–00387.**
**Adv. No. 90–1145.**

United States Bankruptcy Court,
D. Rhode Island.

Feb. 12, 1991.

Carlo A. Cioffi and Barbara Cioffi, Warren, R.I., pro se.

John Boyajian, Boyajian, Harrington & Richardson, Providence, R.I., trustee.

Edward J. Bertozzi, Jr., Edwards & Angell, Thomas A. Hemmendinger, Strauss, Factor, Hillman & Lopes, Providence, R.I., for defendant.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

This matter is before the Court on the motion of Old Stone Bank (Old Stone) to dismiss Adversary Proceeding No. 90–1145 brought by Carlo A. Cioffi and Barbara A. Cioffi, principals of the debtor corporation, C.A.C. Jewelry, Inc. (CAC), wherein the plaintiffs demand a jury trial and seek

damages from Old Stone Bank in the amount of $40,000,000. Also pending are several motions related to this Adversary Proceeding: Cioffi's "Motion for Default Judgment"; Cioffi's "Motion for Joinder of Persons Needed for Just Adjudication"; Cioffi's "Motion for Protective Order"; and Old Stone's "Motion for Order Compelling Discovery." As a result of our disposition herein of Old Stone's Motion to Dismiss, these related motions are rendered moot.

■ We note initially that no responsive pleading has been filed to Old Stone's Motion to Dismiss, and hold pursuant to Local Rule 10(d) of this Court,[1] since none of the three stated exceptions are present, that the motion should be, and hereby is GRANTED.

Nevertheless, given the litigious behavior of the Cioffis throughout the pendency of the case, and because of the likelihood that our ruling will be the subject of judicial review, for the sake of judicial economy, we will also address the merits of the Old Stone's Motion to Dismiss.

## THE COMPLAINT

The Cioffis filed the instant complaint, pro se, on October 2, 1990, while the debtor corporation was operating under Chapter 11. The case has since been converted to one under Chapter 7, over the objection of the Cioffis.[2] The Complaint provides, in part:

This is a Complaint by the principal owners of a bankrupt in a Chapter 11 proceeding. The complaint is directed at Old Stone Bank, a secured creditor of the debtor, (at the time of the alleged acts perpetrated by Old Stone Bank, against the principals), to recover actual damages and punitive damages for loss of

---

1. Local Rule 10 of the United States Bankruptcy Court for the District of Rhode Island provides:

    (c) Within ten (10) days after service ..., any party against whom a "pleading" is filed, or any party to the action who objects to the relief sought therein, shall serve and file an objection to that pleading....

    (d) If no objections are filed to a pleading within the time period prescribed in paragraph (c), the pleading will be deemed unopposed and will be granted, *unless*

1) the requested relief is prohibited by law; or

2) the requested relief is against public policy; or

3) in the opinion of the Court the interest of justice requires sua sponte denial of the unopposed motion.

2. On January 4, 1991, the Cioffis filed a Notice of Appeal of that decision granting Old Stone's Motion to Convert. The Trustee consented to the motion.

their personal funds, as well as their personal property, resultant [sic] of Old Stone Bank having acted in a manner contrary to the Bankruptcy Rules and therefore, causing the plaintiffs irreparable harm, emotional suffering, distress, public embarrassment, ridicule, and character loss. In substance, Old Stone Bank has perpetrated frauds in this Bankruptcy Court, that have voided the federally protected rights of the principal owners, and those are the rights that are protected by the Chapter 11 proceedings, under the provisions as are set forth in the Bankruptcy Code, relevant to cases and proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 157(a)

. . . .

Plaintiffs are Rhode Island residents, currently residing at 43 Bagy Wrinkle Cove, Warren Rhode Island 02885. Additionally, plaintiffs are the sole and principal owners of C.A.C. Jewelry, Inc., a Rhode Island corporation currently before the United States Bankruptcy Court for the District of Rhode Island in reorganization proceeding under Chapter 11. (It may be noticed herein, that *this complaint is not in behalf of the debtor, but solely filed for the principals, to recover losses to them, personally*).

"Certified Original Complaint; Jury Trial Demand For Damages and Punitive Damages Sought" at 1–3, *Cioffi v. Old Stone Bank (In re C.A.C. Jewelry, Inc.* (A.P. No. 90–1145) (emphasis added).

Count I of the Complaint alleges that Old Stone misapplied certain loan payments in the amount of $16,500, and improperly foreclosed on a building owned by the Cioffis. Count II alleges that Old Stone made false representations to the Bankruptcy Court. Count III alleges that Old Stone improperly instructed the Trustee to withhold rental payments from the Cioffis. Count IV alleges that Old Stone has engaged in a conspiracy "to circumvent the United States Bankruptcy Code." In each count, the Cioffis seek $10,000,000 in damages, "notwithstanding punitive damages that may be awarded by a jury."

## JURISDICTION

■ Construing the allegations most favorably to the plaintiffs,[3] this Court concludes that it lacks jurisdiction to hear the complaint. 28 U.S.C. § 1334 provides, in part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

This section provides the Bankruptcy Court[4] with three distinct jurisdictional bases: all cases under 11 U.S.C.; all proceedings "arising under" 11 U.S.C.; and, all proceedings "arising in or related to" 11 U.S.C.

Clearly, this Court has no jurisdiction to adjudicate this Adversary Proceeding as a "case under title 11," because the plaintiffs are not debtors in this or any other bankruptcy court. Similarly, we lack jurisdiction via the "arising under" provision, because the Cioffis' claims do not constitute a cause of action created by the Bankruptcy Code. In order to entertain the plaintiff's complaint, we must find jurisdiction under the "arising in or related to" provision.

---

3. *In re Lanciaux,* 76 B.R. 254, 256 (Bankr.D.R.I. 1987). "In ruling on a motion to dismiss, 'whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

4. 28 U.S.C. § 157(a) and (b) require the Bankruptcy Court to hear and decide all three classifications of cases and proceedings. By Order of the United States District Court for the District of Rhode Island dated July 18, 1984, the District Court referred all such cases and proceedings to this Bankruptcy Court.

## DISCUSSION

■ At best, our jurisdiction to adjudicate a dispute between two non-debtors is tenuous. *In re Shaner*, 96 B.R. 132, 135 (Bankr.S.D.Ohio 1989). Here, the Complaint unambiguously states that "this complaint is not in behalf of the debtor, but solely filed for the principals, to recover losses to them, personally." The nexus to the debtor, even recognizing the plaintiffs' relationship to the debtor corporation, is difficult to fathom. Assuming complete success, and/or full recovery for the plaintiffs, said recovery would not inure to the benefit of the estate or to its creditors. "In the absence of any tangible effect on the bankruptcy case, bankruptcy courts have regularly concluded that they lack jurisdiction to resolve claims by non-debtors against other non-debtors." *In re Malone*, 74 B.R. 315, 319 (Bankr.E.D.Pa.1987). *See Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (products liability action "not related" to bankruptcy case under Third Circuit's "any conceivable effect" standard); *In re Haug*, 19 B.R. 223 (Bankr. D.Or.1982). *See also Philippe v. Shape, Inc.*, 103 B.R. 355 (D.Me.1989).

■ If there is only an incidental connection between a negligence action and a pending case, the matter is not related and jurisdiction does not exist. *In re G. Weeks Securities, Inc.*, 89 B.R. 697, 708 (Bankr.W. D.Tenn.1988). Where there is an arguable connection, the Court should "determine the relative 'greyness' of the various causes of action." *Matter of Tvorik*, 83 B.R. 450, 455 (Bankr.W.D.Mich.1988). In this case there is no greyness, largely due to the plaintiffs' unequivocal assertion in their own complaint that the damages sought are for them "personally." *See also In re Incor, Inc.*, 113 B.R. 212, 218 (D.Md.1990) ("related to" jurisdiction does not exist where there is a speculative or insignificant effect on the administration of the estate); *Wayne Film Systems Corp. v. Film Recovery Systems Corp.*, 64 B.R. 45, 49 (N.D.Ill.1986) (the test for "related to" jurisdiction is "whether the outcome of the proceedings could have an effect on the administration of the estate"). In this pro-

ceeding, as in *Hoffman v. Roberto*, 85 B.R. 417, 422 (W.D.Mich.1988), the debtor is not a party to the proceeding.

Accordingly, we conclude that Bankruptcy Court jurisdiction does not exist over this proceeding, and Old Stone's Motion to Dismiss is GRANTED. All other pending motions related to this Adversary Proceeding, including the Cioffis' Motion for Default Judgment, are DENIED as moot.

Enter Judgment consistent with this opinion.