**In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company, Debtor.**

**Bankruptcy No. 89–8191–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 1, 1991.

Harley Riedel, Tampa, Fla., for debtor.

Francis H. Cobb, Dykema Gossett, Tampa, Fla., William Goldman, Brown & Wood, New York City, for Creditors Committee.

Herbert Milstein, Washington, D.C., for creditor.

ORDER ON MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM OF RICHARD J. PLESTINA AND QUELAH CORPORATION NORTHWEST SALARY REDUCTION PROFIT–SHARING PLAN

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest to consider the Motion for Reconsideration of Order Disallowing Claim filed by Richard J. Plestina (Plestina) and Quelah Corporation Northwest Salary Reduction Profit–Sharing Plan (Quelah) in the above-captioned Chapter 11 case. The record reveals the following facts which are relevant to a resolution of this matter:

On January 11, 1990, Quelah and Plestina filed their proof of claim in this case (Claim No. 63), alleging that the Debtor is indebted to them "in an undetermined amount, but believed by claimants to be several millions of dollars,...." This alleged liability is based on "damages caused by Singer's violations of the federal securities laws and certain provisions of state laws" in connection with the purchases by Plestina and Quelah of certain securities of The Singer Company (Singer), the predecessor in interest of the Debtor, as more specifically set forth in claimants' suit entitled "Class Action Complaint and Demand for Jury Trial" filed in the United States District Court for the District of Maryland, No. HM–89–817 [sic]. On September 21, 1990, the Debtor filed its Objection to Claim No. 63, disputing any liability to claimants and, alternatively, alleging that any claim allowed in any event must be subordinated to all claims and interests senior or equal to such claims pursuant to § 510 of the Bankruptcy Code on equitable principles. On September 28, 1990, a deputy clerk of this court mailed a written notice scheduling a hearing on the Debtor's Objection for October 31, 1990, to "Herbert E. Milstein, c/o Plestina & Quelah Corporation."

On November 20, 1990, this Court entered an Order disallowing Claim No. 63 because neither Plestina, Quelah nor their attorney appeared at the hearing to present any opposition to the Debtor's Objection to their claim, but more importantly, because the claim under consideration clearly indicates on its face that it is a contingent and unliquidated claim, therefore, it cannot be allowed in its present form by virtue of § 502(c) of the Bankruptcy Code, and before allowed, it must be liquidated or, if possible, eliminated. The Motion presently under consideration was filed on December 7, 1990. In their Motion, Plestina and Quelah allege that neither they nor their attorney received notice of the hearing on the Objection by the Debtor to this claim. Based on this, Plestina and Quelah request that this Court vacate the November 20, 1990 Order disallowing Claim No. 63 and reschedule a hearing on the Debtor's Objection.

It should be noted at the outset that although the Motion for Reconsideration was untimely filed under Bankruptcy Rule 9023, this Court may nevertheless reconsider the Order Disallowing Claim No. 63 pursuant to § 502(j) of the Bankruptcy Code. This Section provides:

A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case....

Section 502(j) is further amplified by Bankruptcy Rule 3008 which specifically provides that the Court may reconsider an order allowing or disallowing a claim. It is clear, however, that the reconsideration of

a claim under § 502(j) and Bankruptcy Rule 3008 is discretionary and the court may decline to reconsider a claim without a hearing for notice to parties involved. *In the Matter of Colley*, 814 F.2d 1008 (5th Cir.1987).

■ In construing § 502(j) and Bankruptcy Rule 3008, the standards for "cause" set forth in Bankruptcy Rule 9024, which incorporates Fed.R.Civ.P. 60, control. *In re Motor Freight Express*, 91 B.R. 705 (Bankr.E.D.Pa.1988). Thus, upon a showing of excusable neglect or "any other reason justifying relief", a court may vacate an order disallowing or allowing a claim. Although § 502(j) and Bankruptcy Rule 3008 should be construed liberally, *In re Washington County Broadcasting, Inc.*, 39 B.R. 77 (Bankr.D.Me.1984), they "must be applied in light of the strong contrary policy of encouraging prompt, final dispositions of objections to proofs of claims." *See In re Motor Freight Express, supra*, 91 B.R. at 711.

■ In this case, the Court is confronted with the certificate by the deputy clerk that Plestina and Quelah's attorneys received written notice of the hearing on the Debtor's Objection to Claim No. 63. This is countered by an affidavit of Daniel A. Small, one of the attorneys for Plestina and Quelah, stating that his law firm never received notice of the October 31, 1990 hearing. It has long been established that the mailing of a notice raises a rebuttable presumption of fact that the party to whom it was addressed received it and thus acquired knowledge of its contents. *See Hagner v. U.S.*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *Schutz v. Jordan*, 141 U.S. 213, 11 S.Ct. 906, 35 L.Ed. 705 (1891).

Although this Court is not totally convinced that this presumption has been rebutted, there is no showing that the attorneys for Plestina and Quelah were negligent in any way, nor is there any showing that this Court's reconsideration of Claim No. 63 would unduly prejudice the Debtor. This Debtor is nowhere near to confirmation of any plan of reorganization and, thus, permitting a reconsideration of Claim No. 63 at this time should not impede the progress of this Chapter 11 case. Therefore, this Court is satisfied that the Motion for Reconsideration should be granted. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration of Order Disallowing Claim be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that this Court's Order Disallowing Claim No. 63 be, and the same is hereby, vacated. It is further

ORDERED, ADJUDGED AND DECREED that a pre-trial on the Debtor's Objection to Claim No. 63 shall be held before the undersigned in Courtroom A of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on April 18, 1991, at 9:00 a.m.

DONE AND ORDERED.