## In re EELEASCO, INC., Debtor.

### Richard H. WEINER, Chapter 11 Trustee, Plaintiff-Appellant,

v.

### Zachary PASSERETTI, A.V. Passeretti, M.D. and W.J. Pelkey, M.D., P.C., Defendants-Appellees.

No. 97–CV–331.

United States District Court, N.D. New York.

Jan. 23, 1998.

---

Cooper, Erving, Savage, Nolan & Heller, L.L.P., Albany, NY (Peter Burgess, Justin Heller, of Counsel), for Plaintiff-Appellant.

Difabio, Tommaney & Legnard, P.C., Albany, NY (Michael D. DiFabio, of Counsel), for Defendants-Appellees.

## MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

On February 20, 1997, plaintiff-appellant Richard H. Weiner ("Weiner"), who is trustee in the bankruptcy case of Eeleasco, Inc., filed a notice of appeal from an order entered in the United States Bankruptcy Court for the Northern District of New York by Judge Robert E. Littlefield, Jr. on February 10, 1997. In that order, Judge Littlefield denied with prejudice Weiner's motion to reopen an adversary proceeding against defendant-appellees ("appellees"). On March 7, 1997, appellees filed an election to remove Weiner's appeal from the United States Bankruptcy Appellate Panel Service and have the appeal heard before this Court.

In brief, Weiner argues that the bankruptcy court committed errors of law in denying his motion to reopen the case for the limited purpose of allowing the parties to submit a settlement agreement for the court's approval. For the reasons discussed below, the bankruptcy court's decision is affirmed.

### I. Background

Eeleasco ("Debtor") filed a petition for bankruptcy under Chapter 11 on April 20, 1993. The case was converted to Chapter 7 on May 24, 1993. Richard H. Weiner ("Weiner") was appointed Chapter 7 trustee on May 27, 1993.

Prior to filing for bankruptcy, the Debtor ran a business which rented out employees to other companies. Weiner alleges that the appellees rented employees from the Debtor's company and now owe the Debtor the sum of $78,330.03. Weiner first attempted to obtain voluntary satisfaction of the debt, but after this proved unsuccessful, brought an adversary action against the individual and corporate appellees on October 28, 1994.

In early 1996, the parties entered into settlement negotiations, and eventually agreed to a dismissal of the action with prejudice in return for which the appellees would

pay $35,344.81. The terms were set down in a written settlement document, which states, in relevant part:

1. The defendant(s) shall pay the amount of $35,344.81 (the "Settlement Amount") to the Trustee on or before May 10, 1996;

. . .

3. The Plaintiff hereby agrees that the Adversary Proceeding shall be discontinued immediately upon approval of this Stipulation by the U.S. Bankruptcy Court for the Northern District of New York, *with prejudice.* (emphasized language added and initialed by defendants' attorney)
4. Settlement proceeds shall be held in escrow by Plaintiff until this stipulation has been approved by the U.S. Bankruptcy Court.

Stipulation and Order of Settlement and Discontinuance, attached to DiFabio Aff. ("Stipulation"). At the bottom of the last page, a blank line was provided for the signature of the bankruptcy judge.

The words "with prejudice" in paragraph 3 of the Stipulation were not in the document proposed by Weiner, but were added to the original document by the appellees with Weiner's oral consent. Appellees' attorney then initialed the change, and mailed three copies to Weiner on or about May 6, 1996. However, the change was not counter-initialed by Weiner, nor was it ever submitted to the bankruptcy court judge for approval.

On April 29, 1996, the bankruptcy court Clerk mailed a letter to Weiner's attorney, Peter L. Burgess, Esq. ("Burgess"), requesting a status report on the case and warning that "[f]ailure to respond in writing to this notice within seven (7) business days may result in dismissal without further notice." Burgess Aff. Exh. E. Burgess does not deny that his office received the warning but alleges that he was not himself aware of it. It is undisputed that Burgess did not respond to the Clerk's request.

On May 7, 1996, Judge Littlefield entered an order dismissing the action for failure to prosecute. Notice of dismissal was sent out to all the parties on May 8, 1996. On or before May 13, 1996, appellees received notice of the dismissal, and on May 13, 1996, they mailed a letter to Burgess, with a copy of the order attached, stating that "[w]e have just received the enclosed Bankruptcy Order dismissing this action. In that the stipulation contemplated Court approval, a fact not clear to occur at this point, we will be holding the check in escrow until we receive further direction from the Court." Exhibit, attached to DiFabio Supp. Aff.

As with the warning letter, Burgess does not deny receiving either the dismissal order sent by the court or the May 13 letter with an attached copy of the dismissal order. Rather, he asserts that he was not aware of any of these documents until September of 1996, when he became aware that the settlement amount had not been paid by appellees. Burg. Aff. ¶ 6(k). Thus, Burgess did not file an appeal from the order within the requisite ten day period ending May 17, 1996.

On October 30, 1996, Burgess called appellees' counsel requesting payment of the settlement proceeds. They declined on the grounds that the case was dismissed, the 10–day period for appeal had elapsed and the bankruptcy court therefore no longer had jurisdiction and could not approve the Stipulation.

Weiner filed the current motion to reopen the case on December 23, 1996, arguing that the case should be reopened under Rule 60(b) of the Federal Rules of Civil Procedure, as incorporated in Bankruptcy Rule 9024, on grounds of "excusable neglect." Judge Littlefield heard oral argument on the motion on January 9, 1997, and made an oral ruling on February 6, 1997. In his ruling, he made the following findings of fact:

Number 1, April 29, 1996 an adversary notice—an advisory notice from the Clerk's office was issued that the within adversary would be dismissed unless the Court received a status report.

Number 2, May 7, 1996, the Court dismissed the adversary for failure to prosecute.

Number 3, May 13, 1996, Counsel for Defendant mailed a copy of the dismissal order to Plaintiff stating that in light of the dismissal they would do nothing further until they received Court direction.

Four, September 1996 Plaintiff's Counsel became aware that the adversary was dismissed for failure to prosecute.

Number 5, the present 60(b) motion was filed December 26, 1996.

Order, February 6, 1997, CN 94–91190.

Based on these facts, Judge Littlefield found that Weiner had failed to establish "excusable neglect" and denied the motion. Weiner now brings an appeal from that order.

## II. Discussion

■ A district court's jurisdiction to review the final judgments and orders of bankruptcy judges is found at 28 U.S.C. § 158(a). In reviewing the final decision of a bankruptcy court, the district court uses a de novo standard for examining conclusions of law and a clearly erroneous standard for examining conclusions of fact. *In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 988 (2d Cir.1990), *cert. denied, Air Line Pilots Ass'n, Intern., AFL–CIO v. Shugrue,* 502 U.S. 808, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991).

To determine whether there is "excusable neglect" under Bankruptcy Rule 9024 in cases where an order forecloses trial on the merits of a claim, a court applies the test established in *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *See In re O.W. Hubbell & Sons, Inc.,* 180 B.R. 31, 35–36 (N.D.N.Y.1995). The *Pioneer* test "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer, id.* at 395, 113 S.Ct. at 1498. The *Pioneer* court found that these circumstances include 1) the danger of prejudice to the debtor, 2) the length of the delay and its potential impact on judicial proceedings, 3) the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith. *Id.*

Weiner argues that, although Judge Littlefield correctly stated this test, he failed to correctly apply it in that he considered only the third factor, without balancing it against the other three, and thereby reached an inequitable result. Chiefly, Weiner argues that the prejudice factor supports a finding of excusable neglect, in that the failure to reopen the case will mean loss of money owed to the Debtor and thus diminution of his estate, seriously prejudicing the Debtor.

■ However, in arguing that the potential loss of estate monies supports a finding of excusable neglect, Weiner misinterprets the meaning of the prejudice factor. It refers to "the potential prejudice *as a result of the delay....*" *Riedel v. Marine Midland Bank,* No. 96–CV–1082, 1997 WL 176306 at *2 (N.D.N.Y.1997) (emphasis added). It thus concerns prejudice that arises from allowing a late action, not from forbidding one. *See In re Raynard,* 171 B.R. 699, 702 (Bankr. N.D.Ga.1994) (prejudice means prejudice to the party opposing the motion). The Supreme Court in *Pioneer* expressed this factor as "prejudice to the debtor" under circumstances involving late claims by creditors, in which the debtor was the one would have been prejudiced by allowing the late action. *Pioneer,* 507 U.S. at 384, 113 S.Ct. at 1492–93. The Supreme Court affirmed that "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." *Id.* at 398, 113 S.Ct. at 1499. By contrast, in *State Bank of India v. Chalasani,* 92 F.3d 1300, 1307 (2d Cir.1996), the Second Circuit, in affirming a bankruptcy court's denial of a debtor's motion to vacate a default judgment on grounds of excusable neglect, relied in part on the consideration of the prejudice to debtor's *opposing party* if the default were reopened. *Id.* at 1307. Similarly, the factor of prejudice would weigh in favor of reopening the current case only to the extent that reopening the case would not prejudice the appellees.

■ Assuming *arguendo* the absence of prejudice, the weight it provides is not enough to justify a finding of excusable neglect in light of the amount of time that has passed since the dismissal (eight months in total) and Burgess' awareness of the dismissal for at least the last three months before he filed the instant motion. In *Pioneer,* the Supreme Court found, in addition to the absence of prejudice, the presence of a partial excuse, in that the "notice of the bar date provided by the Bankruptcy Court in this case was outside the ordinary course in bankruptcy cases." *Id.* at 398, 113 S.Ct. at 1499. By contrast, in this action, Burgess has pro-

vided no excuse beyond ignorance of documents in his office's possession for failing to respond to either the warning letter, the dismissal order or the letter from his opponents with a copy of the dismissal order attached. Further, ignorance does not explain why he failed to file this motion in October rather than waiting until the end of December. Under these circumstance, the delay cannot be excused. *See In re O.W. Hubbell & Sons, Inc.,* 180 B.R. at 35 (neglect not excused, even though court found no prejudice or detrimental impact on judicial proceedings, where reason for delay was invalid and within party's reasonable control and where evidence indicated bad faith). Moreover, the Court does not perceive an inequitable result for what was a direct and foreseeable consequence of Burgess' knowing failure to act. *See Pioneer,* 507 U.S. at 396, 113 S.Ct. at 1499 ("clients must be held accountable for the acts and omissions of their attorneys").

Accordingly, it is hereby

ORDERED that the order of the bankruptcy court is AFFIRMED; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.