**In re PREMIER MEMBERSHIP SERVICES LLC, et al., Debtors.**

**No. 00–35053–BKC–SHF to 00–35056–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

April 3, 2002.

Ernest Joseph Marquart, Shumaker Loop & Kendrick, Tampa, FL, for Ontel Products Corporation.

Francis L. Carter, Ferrell Schultz Carter Zumpano & Fertel, Miami, FL, for Debtor.

Patricia A. Redmond, Stearns Weaver Miller, Weissler Alhadeff & Sitterson PA, Miami, FL, for Creditors' Committee.

## ORDER DENYING MOTION FOR ENLARGEMENT OF TIME TO FILE PROOF OF CLAIM

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be considered upon the submission by Ontel Products Corporation of its Motion for Enlargement of Time to Proof of Claim ("motion"). By way of the motion, Ontel Products Corporation ("Ontel") seeks the entry of an order enlarging the March 15, 2001 claims bar date established in this case by way of the Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Notice of Commencement") issued by the Court on November 24, 2000. Ontel's motion was heard on October 2, 2001. The Court, having carefully considered argument of counsel and applicable case authority, **denies** Ontel's motion.

These jointly administered cases were commenced on September 29, 2000 with the filing of separate voluntary petitions, by the four debtors. The petitions were filed in the United States Bankruptcy Court for the District of Delaware, but on October 25, 2000, the cases were transferred to the United States Bankruptcy Court for the Southern District of Florida.

Thereafter, in the process of the administration of this case, the Clerk of the United States Bankruptcy Court for the Southern District of Florida issued a Notice of Commencement on November 24, 2000 (C.P.14). Aside from providing creditors with notice of the initial meeting of creditors (which was scheduled for December 15, 2000), and aside from providing information with regard to the filing of proofs of claim, the Notice of Commencement established March 15, 2001 as the deadline to file proofs of claim. The Notice of Commencement was served on Ontel, as evidenced by the Certificate of Ser-

vice attached to the original Notice of Commencement.

In conjunction with its motion, Ontel submitted an affidavit of one Chuck Khubani as president of Ontel. In the affidavit (CP 569), Mr. Khubani asserts that Ontel did not receive any notice that it was required to file a proof of claim. Ontel thus contends that good cause exists to enlarge the time period for the filing of proofs of claim. In opposition to Ontel's motion, both counsel for the Debtors and counsel for the Creditors' Committee argue (1) that the creditors did in fact receive the Notice of Commencement; and (2) that good cause does not exists to enlarge the deadline for the filing of claims, as there has been no showing of excusable neglect by Ontel.

■■■ As to Ontel's assertion that it did not receive the Notice of Commencement, it is well established that the depositing of a properly addressed and stamped letter into the mail system creates a rebuttal presumption of receipt by the party to whom the letter was addressed. *In re Robinson*, 228 B.R. 75, 81 (Bankr.E.D.N.Y. 1998); *In re O.W. Hubbell & Sons, Inc.*, 180 B.R. 31, 33 (N.D.N.Y.1995). Furthermore, a debtor may rely upon a bankruptcy court's certificate of mailing to invoke an evidentiary presumption of receipt of mail. *In re Robinson*, 228 B.R. at 81. Thus the presumption of receipt may be established by a showing of proper mailing. *In re O.W. Hubbell & Sons, Inc.*, 180 B.R. at 33. In absence of cognizable evidence that Ontel *did not* receive the Notice of Commencement, this Court is duty-bound to presume that Ontel *did* receive the Notice of Commencement, and as such, that Ontel did receive notice of the deadline for the filing of claims.

■■■ The issue that is dispositive of Ontel's motion is whether Ontel's failure to timely file its proof of claim resulted from "excusable neglect". The seminal case on the issue of the allowability of a late-filed claim is *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In addressing this issue, the Supreme Court delineated four factors which must be considered in adjudicating a dispute over whether a late-filed claim should be deemed timely-filed: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. 507 U.S. at 395, 113 S.Ct. 1489. The Court also noted that the determination as to what conduct constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395, 113 S.Ct. 1489. Among the *Pioneer* factors, this Court deems the factors of whether the granting of the motion will prejudice the debtor, and the length of the delay occasioned by the creditor's oversight and its impact on the efficient administration of this case, to be determinative. The Third Amended Joint Chapter 11 Plan, filed August 22, 2001 (C.P.498) is the product of laborious negotiations among the various classes of creditors, the state attorneys general for several states, and the Debtor's principal Ira Smolev, among others. The Third Amended Plan was filed after the expiration of the March 15, 2001 claims bar date, and counsel for the unsecured creditors' committee represented that the plan provision for payment of a dividend on allowed class 2 (general unsecured) claims was predicated upon an analysis of the general unsecured claims of record following the expiration of the March 15, 2001 claims bar date. Thus, it appears that the unse-

cured creditors and/or the unsecured creditors' committee made projections as to the prospective pro rata distribution to unsecured creditors based upon the projected body of unsecured claims, *excluding* the claim of Ontel, which now seeks to have its claim deemed timely-filed in the amount of $544,202.02.

■ Ontel did not file its Motion for Enlargement of Time to File Proof of Claim until August 29, 2001, and did not file its proof of claim until January 7, 2002 (Claim No. 300). Considering that Ontel filed its motion on August 29, 2001, prior to the October 11, 2001 confirmation hearing on the Debtors' Third Amended Plan, Ontel was afforded more than ample opportunity to participate in the confirmation process. Had Ontel aggressively pursued its claim, it could have filed an objection to confirmation on the alleged basis that the Third Amended Chapter 13 Plan did not provide for payment of Ontel's claim. Rather, Ontel took no action, while the Debtor and other creditors and interested parties conducted extensive negotiations, particularly with regard to the extent to which creditors were to be paid under the chapter 11 plan, which negotiations resulted in the approval of a consensual plan of reorganization. As noted in *Matter of Dewey Beach Enterprises, Inc.*, 110 B.R. 681 (Bankr.D.Del.1990), "for a finding of excusable neglect, the moving party must show it failed to act due to 'unique and extraordinary circumstances'." *Id.* at 685–686. Based upon the foregoing, this Court finds that claimant Ontel Products Corporation has not established excusable neglect with regard to the late filing of its proof of claim. Accordingly, Ontel's Motion for Enlargement of Time to File Proof of Claim is **denied**.